Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Lawrence J. Hilton (Bar No. 156524)
lhilton@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Attorneys for Plaintiff
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>IHEARTMEDIA, INC., a Delaware corporation; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:19-cv-10370<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Backgrid USA, Inc., complains against Defendant, iHeartMedia, Inc., a corporation, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Specifically, on information and belief, Defendants own, operate, and/or control offices in Burbank, California. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. On information and belief, Defendant iHeartMedia, Inc. ("iHeart" or "Defendant") is a Delaware corporation existing under the laws of Delaware, with its principal place of business located in San Antonio, Texas.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

### FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars. Among many other in-demand photographs, Backgrid owns coveted photographs of Justin Bieber, Brad Pitt, Kylie Jenner, Brittney Spears, Jennifer Lopez and many more celebrities.

7. Backgrid has registered the Backgrid photographs that frame this dispute within 90 days of their first publication with the United States Copyright Office. The Copyright registration information is attached hereto as Exhibit A.

*Defendant and Its Willful Infringing Activity*

8. Defendant iHeart is a sophisticated, publicly traded company that touts itself out as "a leading global media and entertainment company specializing in radio, digital, outdoor, mobile, social, live events and on-demand entertainment" and owns and operates 858 broadcast radio stations, serving more than 150 markets throughout the United States. According to its website, it is also "the leading media company in America [and] delivers music, news, talk, sports and other content to diverse audiences …via iHeartRadio and on its stations' hundreds of websites." It also claims it reaches 9 out of 10 Americans every month.

9. On information and belief, iHeart's websites contain compelling images of celebrities to attract a much larger audience.

10. iHeart has reproduced, distributed, displayed, and created unauthorized derivative works of the Backgrid's photographs on its websites and social media accounts without consent or license.

11. On or around, January 31, 2018, Backgrid, through its attorneys of record, served a cease and desist letter and draft complaint detailing at least 56 Backgrid photographs that had been willfully infringed by iHeart ("First Set of Infringed Photos"). The parties engaged in some settlement discussions, but they were abruptly stalled by iHeart's filing for Chapter 11 bankruptcy, *In re iHeartmedia, Inc.,* Case No. 18-31274 (MI) (the "Bankruptcy"). Backgrid filed a proof of claim for the 56 First Infringed Photos but did not file suit on those claims because the Bankruptcy court stayed such claims. iHeart's Modified Fifth Amended Joint Chapter 11 Plan of Reorganization (the "iHeart Chapter 11 Plan") was confirmed on January 22, 2019.

12. Since the filing of the Bankruptcy, and despite notice of its willful infringement, iHeart violated federal law, again and again, by willfully infringing *new* and additional Backgrid copyrights to at least 65 timely registered photographs ("Second Set of Infringed Photos"). Each of these photographs was not included in the First Set of Infringed Photos and the claims alleged in this action are based on acts of infringement that took place after the confirmation of the iHeart Chapter 11 Plan. The Second Set of Infringed Photos are the photos which are at issue in this litigation continue to be infringed by iHeart to this very day.

13. iHeart violated federal law by willfully infringing Backgrid's copyrights to at least 65 photographs contained in the Second Set of Infringed Photos, on websites that are, on information and belief, owned or operated by iHeart ("the Websites") and/or its Instagram account. Attached hereto as Exhibit B and incorporated herein by reference are true and correct screenshots of the Second Set of Infringed Photos which are infringed and currently accessible on the Websites and Instagram account.

14. Moreover, iHeart induced, caused, or materially contributed to the reproduction, distribution and public display of the Backgrid Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on its websites and social media account was without permission, consent, or license.

15. On information and belief, iHeart operates and controls the Websites and social media account at all times relevant to this dispute and financially benefits from the infringement of the Backgrid Photographs displayed thereto. On information and belief, iHeart has driven significant traffic to its Websites and Instagram account in large part due to the presence of the sought after and searched-for Second Set of Infringed Photos that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage, including revenues from click-through advertising, and brand awareness as a direct consequence of their infringing actions.

16. On information and belief, iHeart's infringement of at least 65 of Plaintiff's photographs, and derivatives thereof, continues unabated to this very day.

## FIRST CLAIM FOR RELIEF

## (Copyright Infringement, 17 U.S.C. § 501)

17. Backgrid incorporates hereby reference the allegations in paragraphs 1 through 16 above.

18. Backgrid is the owner of all rights, title, and interest in the copyrights of the Backgrid Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

19. Backgrid, or the predecessor in interest to the copyrights of certain Backgrid Photographs filed for copyright registration of the Backgrid Photographs within 90 days of their first publication with the United States Copyright Office.

20. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Backgrid Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

21. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

22. Backgrid has identified at least 65 instances of infringement by way of unlawful reproduction and display of Backgrid's photographs.

23. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

24. Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Backgrid's encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

25. The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

26. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 9,750,000 in statutory damages for the at-least 65 infringed photographs, in addition to its attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  December 6, 2019                    **ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Peter R. Afrasiabi
Lawrence J. Hilton

Attorneys for Plaintiff
Backgrid USA, Inc.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

## **DEMAND FOR JURY TRIAL**

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: December 6, 2019         **ONE LLP**

By: /s/ Joanna Ardalan
    Joanna Ardalan
    Peter R. Afrasiabi
    Lawrence J. Hilton

    Attorneys for Plaintiff
    Backgrid USA, Inc.