1 | PETER R. AFRASIABI
    (State Bar No. 193336)
2 |     pafrasiabi@onellp.com
    LAWRENCE J. HILTON
3 |   (State Bar No. 156524)
        lhilton@onellp.com
4 | ONE LLP
    4000 MacArthur Boulevard
5 | East Tower, Suite 500
    Newport Beach, CA 92660
6 | Telephone: (949) 50-2870
    Fax: (949) 258-5081

JOANNA ARDALAN
  (State Bar No. 285384)
    jardalan@onellp.com
ONE LLP
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Fax: (310) 943-2085

7 |

8 | Attorneys for Plaintiff BACKGRID USA, INC.

9 |

10 | JAMES ROSENFELD
     (admitted *pro hac vice*)
     jamesrosenfeld@dwt.com
11 | DAVIS WRIGHT TREMAINE LLP
     1291 Avenue of the Americas, 21st Fl.
12 | New York, New York 10020
     Telephone: (212) 489-8230
13 | Fax: (212) 489-8340

SELINA MACLAREN
  (State Bar No. 300001)
    selinamaclaren@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

14 | Attorneys for Defendant IHEARTMEDIA, INC.

15 |

16 | UNITED STATES DISTRICT COURT

17 | CENTRAL DISTRICT OF CALIFORNIA

18 |

19 | BACKGRID USA, INC., a California
     corporation,

Case No.  2:19-cv-10370-PA (JCx)
[Assigned to the Hon. Percy Anderson]

20 |                    Plaintiff,

**JOINT SCHEDULING REPORT**

21 |      v.

22 | IHEARTMEDIA, INC., a Delaware
     corporation; and DOES 1-10 inclusive,

**Initial Scheduling Conference:**
Date:          April 6, 2020
Time:          10:30 a.m.

23 |

24 |                    Defendants.

25 |

26 |         Pursuant to Federal Rules of Civil Procedure 16 and 26, Local Rule 26(f), and

27 | this Court's Order filed February 7, 2020 (Dkt. 19; "Conference Order"), Plaintiff

28 | Backgrid USA, Inc. ("Backgrid") and Defendant iHeartMedia, Inc., by and through

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

their respective counsel of record, respectfully submit the following Joint Scheduling Report.  The parties met and conferred to discuss this Joint Report on March 11, 2020.

## I.      RULE 26(f) SUBMISSION

### A.      Nature and Basis for Plaintiff's Claims

Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars. Among many other in-demand photographs, Backgrid owns coveted photographs of Justin Bieber, Brad Pitt, Kylie Jenner, Brittney Spears, Jennifer Lopez and many more celebrities.

Defendant iHeartMedia, Inc. is a sophisticated, publicly traded company that touts itself out as "a leading global media and entertainment company specializing in radio, digital, outdoor, mobile, social, live events and on-demand entertainment" and owns and operates 858 broadcast radio stations, serving more than 150 markets throughout the United States. In spite of its sophistication and knowledge about licensing requirements, iHeart has infringed the copyright to at *least 65* of Backgrid's timely registered photos as described in the complaint. It has done so even after iHeart was on express notice by Backgrid that its conduct was unlawful infringement as Backgrid submitted a claim against iHeart in a separate Bankruptcy proceeding which involved iHeart's infringement of other Backgrid Photographs. As such, iHeart has willfully infringed Backgrid's copyrights and Backgrid is entitled to up to $150,000 per work plus costs and fees. 17 U.S.C. §§ 504, 505.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### B.    Defendant's Defenses

Defendant filed for bankruptcy under Chapter 11 on March 14, 2018.  The majority of the claims in this suit are barred by that bankruptcy.  For any infringement claims arising prior to the Petition Date or during the bankruptcy proceedings, Plaintiff was required to file a proof of claim by June 29, 2018, and May 31, 2019, respectively.  Plaintiff was well aware of this requirement, as it filed a proof of claim in connection with a separate set of photographs, but it failed to do so with respect to the 65 photographs at issue in the present litigation.  The bankruptcy court's order confirming the bankruptcy Plan defines the scope of the Plan's discharge of claims against the Debtor and the estate, and provides for a broad discharge of claims, including the claims as to 42 of Plaintiff's 65 images at issue here.

Independently, Defendant has defenses of fair use, the "server test" (precluding separate claims based on multiple images embedded in a website), and others.  For instance, Defendant believes that many of the images at issue in this litigation cannot actually be accessed by the public viewing Defendant's websites, nor can they be retrieved through regular online searches on search engines; rather, Plaintiff may have accessed these images on Defendant's internal server, rendering any alleged infringement *de minimis*.  Defendant may have additional defenses, as discovery is ongoing.

### C.    Possibility for Prompt Case Resolution

The Parties have engaged in early settlement discussions and are agreeable to private mediation should they not resolve this matter shortly.

### D.    Status of Rule 26(a) Disclosures

The Parties will exchange initial disclosures on March 25, 2020.

### E.    Issues with Preserving Discoverable Information

There are no issues relating to preserving evidence.

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## F.      Proposed Discovery Plan

### 1.      Changes to Timing For Rule 26(a) Disclosures [Fed. R. Civ. P. 26(f)(3)(A)]

The Parties agree that there is no need to change the timing of Rule 26(a) disclosures.

### 2.      Subjects on Which Discovery May be Needed [Fed. R. Civ. P. 26(f)(3)(B)]

Plaintiff anticipates that it will conduct discovery on Defendant's liability and willfulness, including on Defendant's internal policies relating to using content, past licensing history, web traffic history, internal communications relating to intellectual property rights and permissive use, and Defendant's own intellectual property enforcement.

Defendant anticipates that it will conduct discovery on Plaintiff's past licensing history for each of the allegedly infringed works and comparable works, on Plaintiffs' registrations for the allegedly infringed works, and on any assignments or licenses of the allegedly infringed works.

### 3.      Issues Re: Electronic Discovery [Fed. R. Civ. P. 26(f)(3)(C)]

The Parties foresee no issues regarding electronic discovery.

### 4.      Issues Re: Claims of Privilege [Fed. R. Civ. P. 26(f)(3)(D)]

The Parties foresee no issues regarding claims of privilege.

### 5.      Changes in Limitations on Discovery [FRCP 26(f)(3)(E)]

The Parties will agree to a stipulated protective order relating to the designation and use of Attorneys' Eyes Only and Confidential information.

### 6.      Any Other Orders Issued Under Rule 26(c) or 16(b) or (c) [Fed. R. Civ. P. 26(f)(3)(F)]

The Parties foresee no other issues Under Rule 26(c) or 16(b)&(c).

4

JOINT SCHEDULING REPORT
Case No. 2:19-cv-10370-PA (JCx)
4840-8560-2743v.4 0104727-000011

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.  RECOMMENDATIONS & AGREEMENTS CONCERNING FINAL RULE 16(b) SCHEDULING ORDER

### A.  Recommendations Concerning Case Schedule

The parties respectfully suggest the following deadlines:

| Event | Deadline |
|---|---|
| 1.  **Initial Disclosures:** | 3/25/2020 |
| 2.  **Fact Discovery**<br>**Written Discovery Completed By:**<br>**Depositions Completed By:**<br>**Cut-Off Date:** | 12/15/2020 |
| 3.  **Expert Discovery**<br>**Initial Expert Disclosures:**<br>**Rebuttal Expert Disclosures:**<br>**Cut-Off Date:** | 1/15/2021<br>2/15/2021<br>3/15/2021 |
| 4.  **Dispositive Motion Hearing Deadline:** | 5/17/2021 |
| 5.  **Mediation Deadline:** | 3/15/2021 |
| 6.  **Final Pretrial Conference:** | 7/27/2021 |
| 7.  **Trial Date:** | 8/3/2021 |

## III.  ISSUES REQUIRED BY LOCAL RULE 26-1

### A.  Complex Cases [Local Rule 26-1(a)]

The Parties agree that this case need not be designated a Complex Case under Local Rule 26-1(a).

### B.  Motion Schedule [Local Rule 26-1(b)]

See above.

### C.  Settlement [Local Rule 26-1(c)]

Pursuant to Local Rule 16-15.4, Suggested ADR Procedures, and this Court's February 7 Conference Order, Plaintiff Backgrid prefers ADR Procedure No. 3,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

private dispute resolution, and Defendant iHeartMedia prefers ADR Procedure No. 2, a neutral selected from the Court's Mediation Panel.

### D.    Trial Estimate [Local Rule 26-1(d)]

The Parties estimate a 4-day jury trial.

### E.    Additional Parties [Local Rule 26-1(e)]

The Parties do not anticipate the need to add additional parties.

### F.    Expert Witnesses [Local Rule 26-1(f)]

See above.

## IV.   OTHER MATTERS LISTED IN CONFERENCE ORDER (DKT. 19)

### A.    Identity of Trial Fact-Finder

Plaintiff has requested that this case be tried by jury.

### B.    Any Other Issues Affecting the Status or Management of the Case

There are no other issues the Parties anticipate at this time.

### C.    Proposals Regarding Severance, Bifurcation, or Other Ordering of Proof

There are no proposals the Parties have at this time.

### D.    Short Synopsis of Principal Issues in the Case

Is Defendant liable for the infringement of Backgrid's copyrights?

Are Plaintiff's claims preempted by Defendant's prior bankruptcy filing?

Do the fair use doctrine, server test, doctrine of *de minimis* use or any other defenses preclude liability?

To the extent Defendant is liable in part or in full for infringement of Backgrid's copyrights, was the infringement willful?

Is either party entitled to attorneys' fees and costs under Section 505?

### E.    Likelihood of Amended Pleadings

The Parties do not anticipate amending the pleadings at this time.

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## F.    Issues Which May Be Determined by Motion

Both parties anticipate filing a motion for summary judgment. Plaintiff anticipates moving for summary judgment on liability and each of Defendant's affirmative defenses. Defendant intends to move for summary judgment on liability, certain defenses and certain damages issues.

*All signatories listed concur in the filing's content and have authorized this filing.*

DATED:  March 23, 2020

**DAVIS WRIGHT TREMAINE LLP**
JAMES ROSENFELD
SELINA MACLAREN


By: */s/ Selina MacLaren*
    Selina MacLaren

Attorneys for Defendant
iHeartMedia, Inc.


**ONE LLP**
JO ARDALAN
PETER AFRASIABI
LAWRENCE J. HILTON

By: */s/ Jo Ardalan*
    Jo Ardalan

Attorneys for Plaintiff Backgrid USA, Inc.

7

JOINT SCHEDULING REPORT
Case No. 2:19-cv-10370-PA (JCx)
4840-8560-2743v.4 0104727-000011

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899